AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern |
|---|---|

**Name** (under which you were convicted):
Kinay R. Mingo

Docket or Case No.:
**16-15593**

Place of Confinement : 181 McCauley Rd. Plain Dealing, La 71064
Bossier Parish Sheriff SHISAP 90

Prisoner No.: N/A

**Petitioner** (include the name under which you were convicted)
KINAY R. MINGO

v.

**Respondent** (authorized person having custody of petitioner)
Warden Causey

The Attorney General of the State of: Louisiana

## PETITION

# SECT. N MAG 1

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
22nd Judicial District Court, Washington Parish
P.O. Box 607, Franklinton, LA 70438

   (b) Criminal docket or case number (if you know): 13-CR9-1240432

2. (a) Date of the judgment of conviction (if you know): 06-11-14

   (b) Date of sentencing: 07-14-14

3. Length of sentence: 4 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:
Attempt Sexual Battery, 1 ct

**TENDERED FOR FILING**

**OCT 11 2016**

**U.S. DISTRICT COURT**
Eastern District of Louisiana
Deputy Clerk

6. (a) What was your plea? (Check one)

   ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty            ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

Plead not guilty to 4 cts. of Sexual Battery.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury      ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes      ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes      ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: 1st Circuit court of appeals

(b) Docket or case number (if you know): 2015 KA 0435

(c) Result: Conviction affirmed, Sentence Vacated

(d) Date of result (if you know): 09-18-15

(e) Citation to the case (if you know):

(f) Grounds raised:

Sentence unconstitationally excessive.

Restitution ordered does not specify the amount, manner, and mode of payment, and payment to other than victim.

(g) Did you seek further review by a higher state court?     ☑ Yes      ☐ No

If yes, answer the following:

(1) Name of court: Louisiana Supreme Court

(2) Docket or case number (if you know):

(3) Result: not yet decided

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised: Failure to comply with C.Cr.P. Art. 890.1.

Specific intent not proven to support conviction.

Verdict contrary to law.

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ☑ Yes          ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court: 22ND Judicial District Court

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: Motion for New Trial

(5) Grounds raised: Defense Attorney filed on my behalf,

I don't know what grounds were raised.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: denied.

(8) Date of result (if you know): 07-14-14, Sentence hearing.

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: 22ND Judicial District Court

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: Motion for Post Verdict Judgment of Acquittal.

(5) Grounds raised: Defense Attorney filed on my behalf,

I don't know what grounds were raised.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: denied.

(8) Date of result (if you know): 07-14-14, Sentence hearing.

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: 22ND Judicial District Court.

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: Motion to Reconsider Sentence.

(5) Grounds raised: Defense Attorney filed on my behalf,

i don't know what grounds were raised.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:  denied.

(8) Date of result (if you know):  07-14-14 , Sentence hearing.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:   ☐ Yes   ☑ No

(2)  Second petition:   ☐ Yes   ☑ No

(3)  Third petition:   ☐ Yes   ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:  I did

not have the Proper PaPer Work to do so, and I did not

Knowingly and intelligently understand filing Procedures.

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**  Verdict contrary to law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):  Verdict is

not responsive (lesser and Included) to charge in the indictment,

or any other offense.

(b) If you did not exhaust your state remedies on Ground One, explain why:  I corresponded this

information by letter, dated 1-13-15, to Appeal Attorney, did

not include it as grounds in brief filed 04-06-15.

AO 241
(Rev. 10/07)

Page 7

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: I informed Appeal Attorney he elected not to raise the issue, I did not understand my rights to proceed as Pro-se.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post Verdict Judgment of Acquittal

Name and location of the court where the motion or petition was filed: 22ND Judicial District Court, Washington Parish

Docket or case number (if you know): not yet decided.

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Not yet decided.

(3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: On 10-14-15, I Filed for a Application for Writ of Certiorari with the La. Supreme Court.

**GROUND TWO:** State failed to prove defendant had specific intent.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): State's case in chief did not require specific intent to met its burden of proof

(b) If you did not exhaust your state remedies on Ground Two, explain why: I corresponded this information by letter, dated 10-20-14, to Appeal Attorney, but he did not include it as a ground in the brief filed on my behalf.

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: I informed my Appeal Attorney, he elected not to this issue, and I did not understand my rights to proceed as Pro-se.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
     ☑ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Post Conviction Relief

Name and location of the court where the motion or petition was filed: 22nd Judicial District Court, Franklinton, LA 70438

Docket or case number (if you know): don't Know

Date of the court's decision: not yet decided

Result (attach a copy of the court's opinion or order, if available):   None

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?              ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two

On 10-14-15, I filed for a Application for a Writ of Certiorari
With the Lao Supreme Court.

**GROUND THREE:**   Statue of limitation to Prosecute invalid.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):   limitations
for lesser offenses are only applicable for a lesser and incl-
uded offenses, Verdict rendered is not.

(b) If you did not exhaust your state remedies on Ground Three, explain why? *Just secently*

*discovered.*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *had not realized*
*this ground before.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☒ No *him*

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Application for Post Conviction Relief*

Name and location of the court where the motion or petition was filed: *22nd Judicial District*
*Court, Franklinton, LA 70438*

Docket or case number (if you know): *don't Know*

Date of the court's decision: *not yet decided*

Result (attach a copy of the court's opinion or order, if available): *none*

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I had not recognized the invalidness before.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   None until now.

**GROUND FOUR:** failure to disclose potiential witness and mitigating information.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):   On 06-10-14, at trial, State's witness S.B. (D.O.B. 09-19-93) Stated: "I told my boyfriend Wade when I was 14" to my knowledge, Wade in 2013 was 25 years old, which indicates in 2008-09 he would have been 20-21 years old at the time, Wade was intentionally not disclosed prior to trial, because his inappropriate relationship with a minor/Juvenile would be highly questionable.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

I had not recognized the connection before.

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Just recently discovered.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?   ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:   None filed yet

✎AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

   (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

          having jurisdiction?    ☐  Yes    ☑  No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

          presenting them: grounds: #3 & #4. grounds 3 had not been

          discovered yet, #4 had not been realized before.

   (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

          ground or grounds have not been presented, and state your reasons for not presenting them:

          grounds #4 was not Presented in Post Conviction Relief

          Petition sent to district Court (22nd) Aug 24th'16 because it

          is better suited for this court to review.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

       that you challenge in this petition?        ☐  Yes    ☐  No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

       of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

       the judgment you are challenging?        ☑  Yes    ☐  No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

       raised. La. Supreme Court, unknown dockets, (1) Writ for Review

       and (1) writ for Certiorari, error in sentencing and (2) incorrect

       jury instructions. 22ND J.D.C. Washington Parish, unknown

docket, Motion for Post Verdict Judgment of Acquittal, Verdict
contrary to law.

✎AO 241
(Rev. 10/07)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing:   N / A

        (b) At arraignment and plea:  Peters, 919A Washington St.
            Franklinton, La 70438

        (c) At trial:  Kevin Linder, 919A Washington St.
            Franklinton, La 70438

        (d) At sentencing:  Kevin Linder, 919A Washington St.
            Franklinton, La 70438

        (e) On appeal:  Frederick Kroenke, 707 Rapides St.
            Baton Rouge, La 70806

        (f) In any post-conviction proceeding:   N/A

        (g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?         ☐ Yes    ☑ No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        (b) Give the date the other sentence was imposed:

        (c) Give the length of the other sentence:

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?              ☐ Yes    ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

✎AO 241
(Rev. 10/07)

(2)   The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: to reverse, vacate, or acquit of the Conviction and to be awarded any and/or all compensation that one would recieve for the violation of ones civil rights.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Write of Habeas Corpus was placed in the prison mailing system on _09-28-16_ km_ (month, date, year).

Remailed on 10-04-16

Executed (signed) on _09-28-16_ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

TENDERED FOR FILING

United States District Court
Eastern District of Louisiana

OCT 1 1 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Kinay R. Mingo
Plaintiff / Petitioner

vs.

State of Louisiana ;

Hon. Reginald Badeaux III ;
          Defendant

ADA Leigh Ann Wall ;
          Defendant

A.A. Frederick Kroenke ;
          Defendant

Semaj Buckley ;
          Defendant

Capt. Causey
          Defendant

Docket No: _____

Section No: _____

Magistrate No: _____

Petition under 28 U.S.C. 2254 For Writ of Habeas Corpus
by a Person in State Custody.

United States District Court
Eastern District of Louisiana

# PRAYER

IT IS HEREBY prayed that the petitioner asks this court to issue a writ of habeas corpus to have petitioner brought before it to the end that he may be discharged from his unconstitutional confinement and restraint.

_____
Petitioner, Pro-se

United States District Court
Eastern District of Louisiana


By signing here: _Ramy P Mays_ , does
swear under penalty of perjury that the above and
foregoing is true and correct to the best of his
knowledge and understanding, this so sworn to
and struck on this _28th_ day of _September_, 2016
at the facility of _Bossier Parish Sheriff_
_SHISAP 90, 181 mc Cauley Rd. Plain Dealing, LA 71064_ .


_Ramy P Mays_
Petitioner, Pro-Se

United States District Court
Eastern District of Louisiana

Certification

I, _Kiray R Mingo_ , certify that a true
and correct copy of the foregoing has been
forwarded to all opposing parties by placing same
in the U.S. Mails, postage prepaid and properly
affixed to the Clerk of Court in or for the
United States District Court's Eastern District of
Louisiana to serve upon all opposing parties on
this _28th_ day of _September_ , 20 _16_.

_____
Petitioner, Pro-Se

United States District Court Clerk's office

Please Serve the following:

Hon. Reginald Badeaux III
P.O. Box 607
Franklinton, LA 70438

Ass. D.A. Leighann Wall
P.O. Box 607
Franklinton, LA 70438

App. A. Fredrick Kroenke
Louisiana Appellate Project
707 Rapides St.
Baton Rouge, LA 70806

Jemaj Buckley
926 Cora Williams Rd.
Bogalusa, LA 70427

Capt. Causey
Bossier Parish Sheriff  SHISAP 90
181 Mc Cauley Rd.
Plain Dealing, La 71064

TENDERED FOR FILING

OCT 11 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

United States District Court
Eastern District of Louisiana

Kinay R. Mingo              Docket No: _____
    V.                      Section No: _____
State of Louisiana          Magistrate No: _____


The following is a separate memorandum
with arguments of the claims submitted in
accordance with Habeas Corpus Instruction #
5, which includes:

• States failure to appoint effective assistance of
Counsel. pg 3 of 3.

• Verdict contrary to law. pg 1 of 1.

• State's failure to prove that defendant had
specific intent as required by law. pg 1 of 1.

• Statue of limitation to prosecute for lesser
offense invalid. pg 1 of 1.

• Failure to disclose potiential witness and
mitigating information. pg 2 of 2.

United States District Court
Eastern District of Louisiana


States failure to appoint effective assistance of Counsel, for defendant's first appeal as of right; Evitts V. Lucey, 469 U.S. 387, 402 (1985).

In a case that consisted of entirely all testimony evidence, it stands to reason that a Verbatum transcript of the trial would be submitted to the Court of appeals however, appeal attorney Frederick Kroenke only submitted an appeal brief including a summary of the case and evidence.

In U.S. ex.rel. Jennings V. Ragen 358 U.S. 276, 277 1959) " appellate summary of evidence is insufficient" and in Elsperman V. Wainwright, 358 F.2d 259 (5th Cir, 1966) " minutes of trial or hearing as opposed to Verbatum transcript is insufficient".

In Smith V. Bennett," the court recognized that the equal protection clause applies to state post conviction proceedings"___ "as to certain kinds of claims"___"including claims of ineffective assistance of Counsel".

pg 1 of 3.

A due process requirement that governs state appeals are that an appellant must be represented by competent counsel. In Smith V. Robbins, 528 U.S. 259, 285-86 (2000); Evitts V. Lucey, 469 U.S. 387, 402 (1985).

In the American Bar Association standard for Criminal Justice (22-3.1, 22-4.3) 2d ed. 1980 + 3d ed. 1993); Habeas Rule 8(c) of Rules governing 2254 cases, states: "effective investigation and case preparation form the basis of effective representation".

In the appeal brief submitted to the 1st Circuit Court of Appeals by my appointed counsel contains misrepresentation of a material fact (wrong number of jurors at trial), poor preparation (only a summary of the evidence and not the trial transcript), and failure to follow state law procedure repeatedly (violation of the use of R.S. 46:1844 (w)).

In Townsend V. Sain, 372 U.S. 293 (1963) at 312, "the Supreme Court held that "where an applicant for Writ of habeas Corpus alleges facts which, if proved would entitle him to relief, the federal court _ _ _

pg 2 of 3.

has the power to receive evidence and try the facts anew".

Also a miscarriage of justice if petitioner is released before state court remedies are exhausted which means that the petitioner would no longer be a person in custody or indigent as required by habeas corpus rules therefore not being eligible to proceed in this court. Modesto V. Nelson, 296 F. Supp. 1375, 1376-77 ( N. D. Cal. 1969)( miscarriage of justice "if execution [ released from custody] occurs before remedies provided by law are exhausted).

In Dorsey V. Kelly 112 F.3d 50, 54 (2d Cir, 1997) "pro se petitioner adequately exhausted legal and factual bases of ineffective assistance claim when he(1) claimed that he had been denied effective assistance of counsel in violation of the federal constitution"___"(3) connected his ineffective assistance claim with his counsel's failure".

Pg 3 of 3.

The Verdict of Attempt Sexual Battery is Contrary to the law

For example in Louisiana law under C.Cr.P. art. 814: 8.-13. it clearly shows that the above offense is both non-existence and that the Court has no jurisdiction to give to a Jury as a responsive verdict, therefore, "the trial Judge has failed to charge the permissible verdict then applicable to the charge in the indictment requires a reversal of the conviction" as cited in State v. Ferguson 358 so 2d 1214, 1221 (LA. 1978).

This Claim can also be supported in Moore's Federal Practice Rules of Criminal Procedure Vol. 8 2 Edition Ch. 31, Rule 31 Verdicts (c): Conviction of lesser offenses; "The defendant may be found guilty of "---" an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense".

Neither of the above apply because attempt battery is not an offense to be found guilty of by law.

Pg 1 of 1.                     Kinsey R. Mizzo

The State failed to prove that defendant had specific intent as required by law, because the prosecutor's case in chief only required that general criminal intent be provided in charged offenses elements, however R.S. 15:444 allows prosecution without proof of general criminal intent, therefore, prosecution did not enter any evidence proving intent at all.

According to federal and state law, proof of specific criminal intent is required to sustain the conviction (R.S. 14:11) although general criminal intent is not required.

The State has failed it's burden of proving every element of the offense; Bates V. McCaughty 934 F. 2d 99, 102 (7th Cir.) 502 U.S. 915 (1991) "due process clause requires that State to prove beyond a reasonable doubt all of the elements of the offense it defines"

Kinay R. Mings

Pg 1 of 1.

Statue of limitation clause for lesser offenses only apply if responsive verdict is a lesser and Included offense of the charge in the indictment.

The law shows that attempt sexual battery is not a legal responsive (lesser and Included) verdict of Sexual Battery. This claim is illustrated in La. C.Cr.P. art. 814; 8. - 13.

Also, defendant was charged and indicted in 2013 and according to court record the offense occurred in 2004, according to C.Cr.P. art. 572 six year limitation is the max. to prosecute on non-capital offense and according to C.Cr.P. art. 574 non-lesser and Included offenses which would have expired in 2010.

Kinny R. Mingo

pg 1 of 6.

Failure to disclose a potential witness and mitigating information.

At trial, state's witness stated under oath " I told my boyfriend Wade when I was 14".

Prior to trial petitioner requested discovery and Inspection from prosecution at which Wade's name nor any mention of him in it, it is the prosecution's duty to turn over any and all evidence it intend to use at trial upon request. U.S. V. Bagley, 473 U.S. 667, 684 (1985); Brady V. Maryland, U.S. Sup. Ct. 1963

The failure to include this information prevented the petitioner from preparing a proper defense, because petitioner could have entered that in 2008-09 when the state's witness was 14, Wade was 20-21 years old, which constitutes a inappropriate relationship with a juvenile or worst, which would have effected the state's creditibility with a reasonable jury.

                              PS 1 of 2.

Also disclosure to Wade by state's Witness
Voids restitution clause in R.S. 46:1843 eh 21-b
(Rights and services of the Victims and Witnesses)
which states: "eligible only if reported within 72
hours of its discovery or its occurrence" neither
apply, because the occurrence was allegedly 2004
and the discovery according to this evidence
was between 2008-09, at which both are
long pass the 72 hour clause in the above
statute.

Kinay R. Mingo

Pg 2 of 2.



Kinay R. Mingo - 80999 /RE-1
Bossier Parish Sheriff SWISAP 90
181 McCauley Rd.
Plain Dealing, La 71064

CLERK's OFFICE
United States District Court
Eastern District of Louisiana
New Orleans, LA 70130

"ILLEGALY CONVICTED"

USPS
NEW ORLEANS LA
OCT 9 2016