**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KINAY R. MINGO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15593** |
| **WARDEN CAUSEY** | **SECTION: "N"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE.**

Petitioner, Kinay R. Mingo, is a state prisoner incarcerated at the Bossier Parish Correctional Facility in Plain Dealing, Louisiana.  On June 11, 2014, he was convicted of attempted sexual battery under Louisiana law.[1]  On July 14, 2014, he was sentenced to a term of four years imprisonment without benefit of probation, parole, or suspension of sentence.[2]  On September 18, 2015, the Louisiana First Circuit Court of Appeal affirmed his conviction but vacated his sentence and remanded the matter for resentencing.[3]  On March 14, 2016, the Louisiana

---

[1] State Rec., Vol. 3 of 7, transcript of June 11, 2014, p. 52; State Rec., Vol. 1 of 7, minute entry dated June 11, 2014; State Rec., Vol. 1 of 7, jury verdict form.
[2] State Rec., Vol. 3 of 7, transcript of July 14, 2014; State Rec., Vol. 1 of 7, minute entry dated July 14, 2014.
[3] State v. Mingo, 2015 KA 0435, 2015 WL 5516277 (1st Cir. Sept. 18, 2015); State Rec., Vol. 3 of 7.

Supreme Court then denied his related writ application.[4]  According to the state's response in this

proceeding, the state district court has not yet resentenced petitioner.[5]

While the direct appeal proceedings were still ongoing, petitioner filed two separate post-

conviction applications with the state district court.  The first, which was filed December 18,

2014,[6] was denied on August 17, 2015.[7]  The second was filed on October 14, 2015, and denied

on February 2, 2016.[8]  Petitioner did not seek supervisory review of either denial.

Petitioner then filed a third post-conviction application with the state district court on

August 24, 2016.[9]  According to the state's response in this proceeding, the court has not yet ruled

on that application.

On September 28, 2016, petitioner filed the instant federal application seeking habeas

corpus relief.[10]  The state filed an answer conceding that the application is timely but arguing that

it should nevertheless be dismissed because petitioner failed to exhaust his remedies in the state

courts.[11]  The state is correct.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available

state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and

correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29

(2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts'
> role in the enforcement of federal law and prevent disruption of state judicial

---

[4] State v. Mingo, 189 So.3d 1072 (La. 2016); State Rec., Vol. 6 of 7.
[5] Rec. Doc. 10, p. 5.
[6] State Rec., Vol. 6 of 7.
[7] State Rec., Vol. 6 of 7, Judgment on Post Conviction Relief with Reasons dated August 17, 2015.
[8] State Rec., Vol. 6 of 7.
[9] State Rec., Vol. 7 of 7.
[10] Rec. Doc. 1.
[11] Rec. Doc. 10.

proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to *all levels* of review in the state court system, meaning that a petitioner's federal claim must have been fairly presented to "*each appropriate state court* (including a state supreme court with powers of discretionary review)." Baldwin, 541 U.S. at 29 (emphasis added). Moreover, the claim must have been presented "in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.  The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).  Applying those guiding principles, it is clear that the claims in petitioner's federal application are unexhausted.

In this federal application, petitioner presents five claims:

1.    The verdict was contrary to the law, in that it was not responsive to the charge or any other offense.[12]

2.    The state failed to prove that defendant acted with specific intent.[13]

3.    The statute of limitations is invalid.[14]

4.    The state failed to disclose a potential witness and mitigating information.[15]

5.    Petitioner received ineffective assistance of counsel on appeal.[16]

Petitioner has never presented any of those five claims to the Louisiana First Circuit Court of Appeal for review.  The only claims he presented to that court were the two claims asserted on direct appeal, both of which concerned challenges to the legality of the sentence imposed.[17]

The third, fourth, and fifth claims likewise have never been presented to the Louisiana Supreme Court for review.  Petitioner filed only one writ application with that court, i.e. the one relating to the direct appeal,[18] and those three claims were not included.  Further, although the first and second claims were presented to the Louisiana Supreme Court in that application, they were not presented "in a procedurally proper manner" as required for exhaustion because petitioner had bypassed the Court of Appeal and improperly presented the claims to the Supreme Court in the first instance.  Therefore, they, too, are unexhausted.  See Brown v. Jones, Civ. Action No. 3:10-cv-1885, 2011 WL 6330654, at *5-7 (W.D. La. Nov. 21, 2011), adopted, 2011 WL 6369881 (W.D.

---

[12] Rec. Doc. 1, pp. 5 and 25.

[13] Rec. Doc. 1, pp. 7 and 26.

[14] Rec. Doc. 1, pp. 8 and 27.

[15] Rec. Doc. 1, pp. 10 and 28-29.

[16] Rec. Doc. 1, pp. 21-23.

[17] A copy of the direct-appeal brief is included in Volume 4 of the state court record.

[18] A copy of the direct-appeal Louisiana Supreme Court writ application is likewise included in Volume 4 of the state court record.

La. Dec. 15, 2011); see also Morton v. Windham, Civ. Action No. 13-0562, 2013 WL 5607217, at *2 (E.D. La. Oct. 14, 2013); Carson v. Cooper, Civ. Action No. 12-0872, 2012 WL 3597119, at *7 (E.D. La. July 27, 2012), adopted, 2012 WL 3597116 (E.D. La. Aug. 20, 2012); Stevenson v. Cain, Civ. Action No. 06-1244, 2006 WL 2850167, at *2 n.18 (E.D. La. Oct. 4, 2006).

In summary, none of petitioner's five federal claims were ever presented to the Louisiana First Circuit Court of Appeal.  Moreover, three of the claims were never presented to the Louisiana Supreme Court, and the remaining two claims were not properly presented to that court because petitioner had bypassed the intermediate appellate court.  **Accordingly, none of the claims asserted in this federal proceeding are exhausted.**

In his replies to the state's response,[19] petitioner tries to avoid the exhaustion requirement by making general conclusory allegations that the state processes were ineffective to protect his rights.   However, he fails to actually show that there is in fact "an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect [his] rights," as required by the terms of 28 U.S.C. § 2254(b)(1)(B)(i) & (ii) in order for exhaustion to be waived.  Without more, he, like all petitioners, remains subject to the federal exhaustion requirement.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Kinay R. Mingo be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

[19] Rec. Docs. 11 and 12.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of January, 2017.


_____

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**